**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

Appeal of Stephen Dana     }
}
}      Docket No. 66-4-03 Vtec
}
}

Decision and Order on Cross-Motions for Partial Summary Judgment

Appellant Stephen Dana appealed from a decision of the Development Review Board (DRB) of the Town of St. Albans, approving Appellee-Applicant Shantee Point Estates, Inc.= s application for approval of a relocated access road under the subdivision regulations. Appellant is represented by Brian P. Hehir, Esq.; Appellee-Applicant is represented by Lisa B. Shelkrot, Esq.; and the Town of St. Albans is represented by David A. Barra, Esq. The parties have moved for summary judgment and specifically requested the Court to address the substance of Questions 5 and 8 of the Statement of Questions.

As discussed in prior orders, Appellee-Applicant Shantee Point Estates, Inc. owns a 25.35-acre parcel of land on Shantee Point in St. Albans adjoining Appellant= s land. Appellee-Applicant= s property contains pre-existing leased lots, over which a pre-existing road ran close to the shore of Lake Champlain, for access to those pre-existing leased lots. Appellee-Applicant requests approval of a relocated roadway farther from the lake within its property.

Prior litigation established, among other things, that approval under the subdivision regulations was required for the right-of-way for this roadway, as it was the extension of a road to serve more than two lots. See ' 200.2 of the Subdivision Regulations.

Nothing in that litigation required that Appellee-Applicant subdivide the right-of-way of the roadway as a second lot. However, in the present case Appellee-Applicant does propose to divide its property into two (and only two) lots: the 1.9-acre L-shaped lot containing the road right-of-way and the remaining 23.5 acres of Appellee-Applicant= s land. In the September 8, 2003 order in the present case, we ruled that Appellee-Applicant= s present proposal is a two-lot subdivision, and the fact that the remaining land contains a number of pre-existing leased lots does not make the present proposal more than a two lot-subdivision.

Section 200 provides two possible triggers for the requirement to obtain approval under the Subdivision Regulations: under ' 200.1 if property is being divided into two or more lots (including leased lots), and under ' 200.2 if a road is being constructed, extended or relocated to serve two or more lots (including leased lots). The present proposal now requires approval under both prongs of ' 200, as it is itself a two lot subdivision, and it is also the relocation of a road to serve more than two lots.

If the requirement for review under the Subdivision Regulations is only triggered by ' 200.1, the treatment of the application under the Regulations is reasonably clear. If the proposed subdivision divides the property into three or more lots, it must be reviewed under Article II, which in turn refers (in ' 211(3)) to the Article III development standards (the planning standards of ' 220 and the design standards of ' 221). If the proposed subdivision divides the property into only two lots, Article II by its title and terms does not apply and the application is instead to be reviewed by the Zoning Administrator under the much more limited requirements of ' 203.

If the requirement for review under the Subdivision Regulations is triggered by ' 200.2, the treatment of an application to relocate a road to serve pre-existing lots is not so specifically addressed in any section of the remainder of the Regulations. While it would be rational for the Town to have specified that the road-related subsections of ' ' 220 and 221 are applicable in such a case, the Subdivision Regulations do not do so explicitly.[1] However, ' 200.2 makes the Subdivision Regulations applicable generally to review of a ' 200.2 road extension or relocation, and ' 201 allows the DRB (and hence this Court on appeal) both to administer the regulations and to waive any inapplicable sections. Therefore, the standards in ' ' 220 and 221 do apply to this project. The Court has examined all the subsections of ' ' 220 and 221. The only applicable subsections are the first phrase of ' 220(4): that the proposal A shall not cause unreasonable congestion or unsafe conditions on the affected public or private roads;@ and all of ' 221(2). Accordingly, pursuant to ' 201(2), the Court hereby waives all the other subsections of ' ' 220 and 221 as inappropriate and no requisite in the interest of the public health, safety and general welfare.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both parties= motions for summary judgment on the substance of Questions 5 and 8 of the Statement of Questions, are denied in part and granted in part, as discussed above. Because it is a two-lot subdivision, ' 203 of the Subdivision Regulations does apply to the proposed two-lot subdivision for the roadway right-of-way, and ' ' 210-212 do not apply. However, because ' 200.2 makes the regulations applicable generally to review of a ' 200.2 road extension or relocation, and because ' 201 allows the DRB (and hence this Court on appeal) to administer the regulations and to waive any inapplicable sections, the standards in ' ' 220 and 221 do apply, and the Court has waived all but ' ' 220(4), first phrase, and 221(2).

It appears to the Court that the only issues remaining for a hearing on the merits are

the project= s compliance with ' ' 220(4), first phrase, and 221(2). We will schedule a telephone conference to set these issues for hearing. Please be prepared to discuss dates in December, January and February, and whether the parties are willing for the hearing to be held in Burlington rather than in St. Albans, to give us a greater flexibility in scheduling dates.

Done at Barre, Vermont, this 7th day of November, 2003.


_____
Merideth Wright
Environmental Judge

_____

### Footnotes

[1.]   The Town may wish to consider whether to amend its Subdivision Regulations to explicitly address projects triggered only by §200.2, or at least to provide a procedure for their consideration by the DRB analogous to those provided for §200.1 projects by §§203 and 210-212.